

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-14-2005

# Shelley v. Wilson

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1907

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Shelley v. Wilson" (2005). *2005 Decisions.* Paper 405.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/405

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

―――――――――

NO. 05-1907

―――――――――

BARRY E. SHELLEY,

Appellant

v.

TPR. TERRY A. WILSON;
TPR. JEFFERY BROCK

――――――――――――――――――――――――

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-00002J)
District Judge: Honorable Maurice B. Cohill, Jr.

―――――――――――――――――――――――――

Submitted Under Third Circuit LAR 34.1(a)
October 10, 2005

BEFORE: VAN ANTWERPEN, GREENBERG and NYGAARD, <u>CIRCUIT JUDGES</u>

(Filed : October 14, 2005)

―――――――――――――

OPINION

―――――――――――――

PER CURIAM

     Barry Shelley filed suit *pro se* and *in forma pauperis* against two Pennsylvania

State Police troopers, Terry A. Wilson and Jeffrey Brock, to bring claims for false arrest

and malicious prosecution. He claimed that he was charged with stalking, harassment, and making terroristic threats after Wilson and Brock falsely arrested him on January 6, 2002 and January 12, 2002. He contended that Wilson and Brock made false statements in their affidavits of probable cause and later presented false testimony at his trial. Shelley was convicted on the stalking and harassment charges (and is currently serving his sentence at S.C.I. Houtzdale). The District Court, adopting the Report and Recommendation of the Magistrate Judge, dismissed Shelley's complaint, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B). Shelley appeals and moves for appointment of counsel. For the reasons that follow, we will affirm in part and vacate in part.

As the District Court held, Shelley cannot state a claim for damages under 42 U.S.C. § 1983 against a police officer for allegedly giving perjured testimony at his criminal trial. *See Briscoe v. LaHue*, 460 U.S. 325, 326 (1983).

Also, Shelley's malicious prosecution claim implied the invalidity of his conviction for stalking and harassment. Therefore, he does not have a cognizable claim for damages for malicious prosecution for those crimes until "his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal ..., or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Shelley did not otherwise state a claim for malicious prosecution, even though success on another aspect of that claim would not necessarily put the validity of his

conviction in question. Shelley claimed that he was maliciously prosecuted for making terroristic threats,[1] crimes for which he may not have been found guilty (if his allegations are construed broadly). To succeed on this malicious prosecution claim under 42 U.S.C. § 1983, he must show that (1) Wilson and Brock initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the proceeding was instituted without probable cause; (4) Wilson and Brock acted maliciously or for a purpose other than bringing him to justice; and (5) he suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *See Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003). Shelley alleged at least the first four listed elements of a malicious prosecution claim, if the inference that the criminal proceedings on the terroristic threat charges ended favorably is considered in conjunction with the allegations that Wilson and Brock acted maliciously to institute the criminal proceedings without probable cause. However, Shelley did not sufficiently allege a deprivation of liberty. Shelley stated that he had to attend a two-day trial on the charges of making terroristic threats, stalking, and harassment, but attendance at trial is not a seizure under the Fourth Amendment. *See DiBella v. Borough of Beachwood*, 407 F.3d 599, 603 (3d Cir. 2005). *See also Torres v. McLauglin*, 163 F.3d 169, 174 (3d Cir. 1998) (holding that the limits of Fourth Amendment protection relate to the boundary between arrest and pre-trial detention). Furthermore, he was in court for his trial on other charges, of which he

---

[1]The Report & Recommendation erroneously refers to charges of resisting arrest.

was found guilty.

We next consider whether the District Court abused its discretion in denying leave to amend the complaint. Leave to amend should be granted unless amendment is futile or inequitable. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002). Because Shelley could describe a deprivation of liberty between his arrest and trial, despite the dearth of facts about this time period in his complaint, the District Court should have provided him leave to amend.

The District Court also erred in dismissing Shelley's false arrest claims. At this stage, it is unclear if the *Heck* doctrine will bar Shelley's false arrest claims, whether the underlying purportedly false arrest was for stalking, harassment, or making terroristic threats. A claim for false arrest does not necessarily implicate the validity of a conviction or sentence. *See Gibson v. Superintendent of N.J.*, 411 F.3d 427, 449 (3d Cir. 2005); *Montgomery v. DiSimone*, 159 F.3d 120, 126 (3d Cir. 1998). A district court must make a fact-based inquiry to determine whether a successful § 1983 action would undermine the validity of a conviction or sentence. *See Gibson*, 411 F.3d at 451. As we have noted, if all reasonable inferences are taken in Shelley's favor, Shelley was not convicted of making terroristic threats. Therefore, at this stage, it appears that there is no terroristic threat conviction to put in question. Shelley's other false arrest claims tend to blur into his claims that he was maliciously prosecuted (and is now imprisoned) for crimes he did not commit. However, the circumstances surrounding Shelley's convictions for

4

harassment and stalking are not in the record. Because the District Court could not determine that a successful § 1983 action would implicate the validity of those convictions on the present sparse record, the District Court erred in finding the false arrest claims barred under *Heck* at this stage of the proceedings. *See Hughes v. Lott*, 350 F.3d 1157, 1161 (11th Cir. 2003).

Shelley otherwise stated a claim for false arrest.[2] The proper inquiry in a claim for false arrest under § 1983 is "not whether the person arrested in fact committed the offense, but whether the arresting officers had probable cause to believe the person arrested had committed the offense." *See Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988). Shelley alleged that he was arrested without probable cause.

Because Shelley stated claims for false arrest that we cannot say were barred, at this stage, by the *Heck* doctrine, and because he should have been afforded leave to amend his complaint, the District Court's order is vacated in part to the extent it dismissed the false arrest claims and denied leave to amend. In all other respects, the District Court's order is affirmed. Shelley's motion for appointment of counsel is denied. This matter is remanded to the District Court for further proceedings consistent with this opinion.

---

[2]In his complaint, he included conflicting allegations about whether the purportedly false arrests were made by one or both of the troopers. Taking all reasonable inferences in his favor, he brought his claim for false arrest against Wilson and Brock.